**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| JOHN AGORO MOGERE,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Respondent. | No. C26-4114-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner John Agoro Mogere's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. In an initial review order (Doc. 2), I directed respondent (the Government) to respond to the petition, which it has done (Doc. 7). Agoro Mogere has filed a reply (Doc. 11). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Agoro Mogere is a Kenyan national who was admitted into the United States in October 2019 on a diversity visa, gaining lawful permanent resident status. Doc. 1 ¶ 13; Doc. 10-4 at 1. In 2024, he was charged with and later convicted of fourth degree criminal sexual assault in Minnesota state court. Doc. 10-5 at 15 (citing Minn. Stat. § 609.345.1(a) (2024)). Agoro Mogere was ultimately sentenced to 24 months' imprisonment, which was stayed for all but 30 days, and placed on supervised probation for three years. *Id.* at 15–16.

The Department of Homeland Security (DHS) issued Agoro Mogere a Notice to Appear in September 2026, charging him as deportable under 8 U.S.C.

§ 1227(a)(2)(A)(i) based on his sexual assault conviction, which DHS contends is a crime involving moral turpitude. Doc. 10-3 at 1. Immigration and Customs Enforcement (ICE) officers civilly detained him the same day without incident. Doc. 10-5 at 5–6. Eventually, Agoro Mogere was transported to the Woodbury County Jail while deportation proceedings were pending, where he initiated his § 2241 petition. Doc. 1 ¶ 2. He claims that he is entitled to a bond determination hearing or immediate release.

## *III. STANDARD OF REVIEW*

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## *IV. ANALYSIS*

As an alien who has been admitted into the country, Agoro Mogere is subject to the detention scheme within 8 U.S.C. § 1226 while his deportation proceedings are pending. Within that scheme, § 1226(a) offers the "default rule" that those detained have an opportunity for bond. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018); *see also* 8 C.F.R. § 1003.19 (2026). Certain categories of aliens are exempted, however, and must be detained without the possibility for bond. 8 U.S.C. § 1226(c). One such category includes any alien who "is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C).

Section 1227(a)(2)(A)(i), in turn, applies to any alien who: "(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). The categories that Congress

has deemed worthy of mandatory detention comport with due process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003). Thus, the first question is whether Agoro Mogere's conviction in Minnesota for fourth degree criminal sexual assault qualifies as a crime involving moral turpitude.

Congress did not define a "crime involving moral turpitude" and the Eighth Circuit has described the phrase as ambiguous. *Bakor v. Barr*, 958 F.3d 732, 735 (8th Cir. 2020); *see also Partyka v. Att'y Gen.*, 417 F.3d 408, 409 (3d Cir. 2005) (describing the phrase as an "amorphous morass"). Pre-*Loper Bright* decisions from the Eighth Circuit accept the Board of Immigration Appeals' definition that moral turpitude "requires two essential elements: reprehensible conduct and a culpable mental state." *Id.* (citing *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 834 (BIA 2016)).[1] Reprehensible conduct is "conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general"; a culpable mental state is met through "intent, purpose, or knowledge." *United States v. Escobar*, 970 F.3d 1022, 1025 (8th Cir. 2020) (citing *Bakor*, 958 F.3d at 735). Crimes are evaluated under the categorical approach for whether they involve moral turpitude, meaning that the defendant's actual conduct in committing the crime is ignored. Instead, the court must examine the base elements of the crime to decide whether there is a realistic probability that any conviction under the statute involves reprehensible conduct and a culpable mental state. *Reyna v. Barr*, 935 F.3d 630, 632 (8th Cir. 2019).

[1] Prior to *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), courts would defer to an agency's interpretation of an ambiguous statute so long as the agency's interpretation was "a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Despite courts no longer deferring to agency interpretations of ambiguous statutes, past decisions that so deferred are still good law and not automatically overturned by virtue of that deference. *Loper Bright*, 603 U.S. at 412. Unless the Eighth Circuit revisits its crediting of what a "crime involving moral turpitude" means, I must apply its precedent.

As charged and convicted, Agoro Mogere committed criminal sexual conduct in the fourth degree when he "use[d] coercion to accomplish the sexual contact." Minn. Stat. § 609.345.1(a) (2024). "Coercion" is the "words or circumstances that cause the [victim] reasonably to fear the infliction of bodily harm upon [themselves] or another, or the use by the actor of confinement, or superior size or strength, against the [victim] to accomplish the act." *Id.* § 609.341.14.

The Eighth Circuit has held that the Minnesota offense of criminal sexual conduct in the fifth degree qualifies as a crime involving moral turpitude. *Bakor*, 958 F.3d at 736. That analysis dictates my conclusion here. Nonconsensual sexual contact has long been considered reprehensible. *Id.* The use of coercion to accomplish that sexual contact satisfies the prerequisite intent or purpose to make Agoro Mogere culpable. Agoro Mogere's offense of conviction qualifies as one of moral turpitude.

The next question is whether Agoro Mogere was sentenced to a term of imprisonment of at least one year. Despite having been sentenced to 24 months' imprisonment, Agoro Mogere contends that the sentence does not qualify him for mandatory detention because much of the sentence was suspended. I disagree. Section § 1226(c)(1)(C) concerns itself with the sentence imposed, not the time served. To leave no doubt, 8 U.S.C. § 1101, which defines terms used "in this chapter,"[2] includes the following:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

8 U.S.C. § 1101(a)(48)(B). As such, I find that Agoro Mogere's 24 month sentence mandates his mandatory detention under § 1226(c)(1)(C) even though it was stayed for all but 30 days. His petition therefore must fail.

---

[2] Both § 1101 and § 1226 are included in Chapter 12 of Title 8 of the United States Code.

## *V. CONCLUSION*

For the reasons set forth herein, petitioner John Agoro Mogere's petition (Doc. 1) for a writ of habeas corpus is **denied**.

**IT IS SO ORDERED** this 20th day of November, 2026.

Leonard T. Strand
United States District Judge